UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GURPREET SINGH BHANDOHAL,

Petitioner,

v.

ORESTES CRUZ, *et al.*,

Respondents.

Case No.   1:26-cv-04833 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This habeas action concerns the detention of Petitioner Gurpreet Singh Bhandohal, a noncitizen who has lived in the United States since May 4, 2023.  Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the motion for temporary restraining order as moot.[1]

## I.    BACKGROUND

Petitioner is a citizen of India who entered the United States on May 4, 2023 near Lukeville, Arizona seeking asylum from political persecution. Dkt. No. 1 ¶ 23.  Upon entry, he was encountered by a Border Patrol Agent, arrested, and taken to the Douglas Border Patrol Station for further

---

[1] In setting an expedited briefing schedule on the Petition, the Court indicated that it intended to rule on the motion for a temporary restraining order and Petition together. *See* Dkt. No. 5. Neither party objected to this approach, and Respondents indicated in their combined response to the motion and Petition that they do "not request additional briefing on the merits of the petition." Dkt. No. 6 at 2.

Case No.: 1:26-cv-04833-EJD

1

processing. Dkt. No. 6-1 at 2. The Department of Homeland Security ("DHS") then placed him in removal proceedings "per Section 212 (a)(6)(A)(i) of the INA" and released him on his own recognizance. *Id*.; *see also* Dkt. No. 1 ¶ 24.  Following his release, Petitioner applied for asylum and contends that he has complied with all conditions of his release. Dkt. No. 1 ¶ 26.  Petitioner was also convicted of driving under the influence on or about December 25, 2024, for which he completed home detention and a nine-month course of classes. *Id*. ¶ 28. He was arrested again for driving under the influence in April 2026, and that charge remains pending. *Id*.

Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") on May 28, 2026 following a scheduled immigration appointment.  *Id*. ¶ 33.  He claims that he was not provided with written notice explaining the individualized reasons for his re-detention at the time of his arrest. *Id*. ¶ 34.

On June 23, 2026, Petitioner filed the instant petition for writ of habeas corpus. He requests that the Court either grant his immediate release or order a bond hearing before an immigration judge where Respondents bear the burden of showing by clear and convincing evidence that he is a flight risk or danger to the community. *Id*. at 16.  In Respondents' three-page opposition, the Government relies entirely on its new interpretation of 8 U.S.C.§ 1225(b)(2) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes.  *See* Dkt. 6 at 2.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

Case No.: 1:26-cv-04833-EJD

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

Petitioner asserts four claims for relief, including that his re-detention without a finding of flight risk or danger violates his substantive due process rights (count 1), procedural due process rights (count 2, count 4), and 8 U.S.C § 1226(a). *Id*. ¶¶ 55–71. Because Petitioner's procedural due process claim affords him all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

#### A.   Petitioner May Not Be Detained Under 8 U.S.C. § 1225(b).

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b) as Respondents contend. *See* Dkt. 6 at 2. This Court—as well as the majority throughout the Ninth Circuit—have already concluded that Section 1225(b) does not apply to non-citizens like Petitioner who were previously released by the government on their own recognizance. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). "Such expansive interpretation of § 1225(b)(2) is unlawful as applied to non-citizens," like Petitioner, "who have been released by DHS on their own recognizance into the interior of the country." *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026).

#### B.   Petitioner's Re-Detention Violated Due Process.

As the Government makes no further argument regarding the statutory basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected

Case No.: 1:26-cv-04833-EJD

United States District Court
Eastern District of California

liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### 1.    Liberty Interest

Petitioner contends that his prior release from immigration custody by the affirmative act of the Government, and then the over three years of freedom that followed, gave rise to a protected liberty interest.  Dkt. 1 ¶¶ 44–46. The Court agrees.

The regulations that authorize immigration authorities to release a noncitizen on his own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding."  8 C.F.R. § 1236.1(c)(8); *see also*, *Cordero Pelico v. Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *7 (N.D. Cal. Oct. 3, 2025) ("Under federal regulation, DHS was authorized to release them under § 1226 only upon a determination that 'such release would not pose a danger to property or persons' and that they were 'likely to appear for any future proceeding.'"). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). As such, the Government's election to release Petitioner provided him with a liberty interest that is protected by the Due Process Clause. *See, e.g.*, *Olivero*, 2026 WL 1162724, at *4; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-CV-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from

Case No.: 1:26-cv-04833-EJD

immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

Respondents, however, contend that "Petitioner (1) had an encounter with law enforcement; (2) [and] had a period of release terminated because of that law enforcement encounter." Dkt. No. 6 at 3. They "provide no legal authority in support of the proposition that petitioner's DUI arrest justifies re-detaining him without prior notice or a pre-detention hearing[,]" such as, for example, evidence suggesting that notice would motivate flight. *Marquez v. Chestnut*, No. 1:26-CV-00988-DAD-CSK, 2026 WL 326811, at *1 (E.D. Cal. Feb. 6, 2026); *cf. Elias C.M. v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-02043-TLN-EFB, 2026 WL 127612, at *3 (E.D. Cal. Jan. 16, 2026) (finding that the petitioner, who was originally released on parole and then re-detained without prior notice or a hearing, had a protected liberty interest in remaining out of custody even though he was arrested for misdemeanor spousal battery). Further, Respondents have not pointed to any specific condition of Petitioner's release that was violated, or what process Petitioner was afforded prior to termination of his release.

As such, because Petitioner was released from DHS custody on his own recognizance over three years ago, he maintains a protected liberty interest in remaining out of custody.

### 2.    *Mathews* Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function

Case No.: 1:26-cv-04833-EJD

United States District Court
Eastern District of California

involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over three years. In the intervening years he has been afforded the freedom to develop ties in the community, working and supporting his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094.  If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

Case No.: 1:26-cv-04833-EJD

United States District Court
Eastern District of California

1. Respondents immediately release Petitioner Gurpreet Singh Bhandohal from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community if not detained.

4. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 6, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California

Case No.: 1:26-cv-04833-EJD

7